UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-60246-CIV-MORENO**

MILLER EVANS and JOHNNY EVANS,

     Plaintiffs,

vs.

MIDLAND  NATIONAL  LIFE  INSURANCE
COMPANY f/k/a CLARICA LIFE INSURANCE
COMPANY,

     Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiffs' Motion for Partial Summary Judgment

**(D.E. No. 7)**, filed on **March 18, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and being

otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the following reasons.

### Background

On January 28, 2003, Defendant Midland National Life Insurance Company issued a life

insurance policy to Johnny A. Evans, for which Plaintiffs are the named beneficiaries.  Mr. Evans

died on January 11, 2005.  Because the insured died within two years of policy issuance,

Defendant commenced a routine claims investigation, as is its right.  To complete this

investigation, Defendant required among other things, the execution of a Next of Kin Affidavit

and a medical records release form.  Plaintiff Miller Evans claims to be the insured's Next of Kin.

Plaintiffs submitted a Proof of Death Claimant's Statement on February 11, 2005, but allegedly

did not submit the Next of Kin Affidavit until February 1, 2008.  Finally, on February 21, 2008,

Plaintiffs filed a complaint against Defendant alleging breach of contract and violations of Fla.

Stat. §624.155, claiming Defendant acted in bad faith by failing to settle the Plaintiffs' claim for

the Policy's death benefit in a reasonable time.

### Standard for Summary Judgment

Summary judgment is authorized where there is no genuine issue of material fact.  Fed. R.

Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of demonstrating the

absence of a genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157

(1970).  The party opposing the motion for summary judgment may not simply rest upon mere

allegations or denials of the pleadings; the non-moving party must establish the essential elements

of its case on which it will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S.

317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  The

nonmovant must present more than a scintilla of evidence in support of the nonmovant's position.

A jury must be reasonably able to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 254 (1986).

### Analysis

In their Motion for Partial Summary Judgment, Plaintiffs argue that for three years,

Defendant delayed payment of the death benefits purportedly because Defendant has not been

able to obtain the medical records from the hospice providing services to the Insured for the last two weeks of the Insured's life.  Plaintiff claims there is no genuine issue to be tried in this case since both parties agree that (1) Defendant issued a policy of insurance on the life of Johnny Evans in the amount of $400,000; (2) Defendant changed the Owner and Beneficiaries to Plaintiff Miller Evans; (3) Johnny Evans died while the Policy was in force; and (4) Plaintiffs submitted a Proof of Death Claimant's Statement on February 11, 2005.   Three years later, on February 21, 2008, Plaintiffs filed this suit against the Defendant.

Defendant disputes that it has unreasonably delayed payment and asserts it has been diligently investigating Plaintiffs' claim since it received notice of the claim.  Defendant claims that it has been unable to conclude its investigation because of Plaintiff's refusal to cooperate.  On February 1, 2008, after 11 requests of the Plaintiffs, Defendant received the Next of Kin Affidavit and medical records release necessary to complete the investigation.  Plaintiffs filed suit twenty days later.   Defendant asserts it has not had enough time to evaluate the Insured's medical records since it received necessary release documents only recently.  Defendant claims that, at this time, it is unable to determine whether the claim is payable.  Now that it has the paperwork, Defendant can finish its investigation, and may determine it owes the Plaintiffs the insurance money anyway.  Additionally, though not relevant to whether the claim is payable, Defendant also disputes whether Plaintiff Miller Evans is the actual owner of the Policy.

While both parties agree that Plaintiff Johnny Evans signed the Insurance Policy and died while the Policy was in effect, there are significant disputes as to what had to happen in order for Plaintiffs to collect on the Policy.  Because Plaintiff Johnny Evans died within two years of signing the Insurance Policy, no contract restricts Defendant from investigating Evans' medical records

before issuing payment.  The parties disagree over how much documentation is necessary to

complete Defendant's investigation and for collection of the insurance money.  There are also

material issues of fact over whether Defendant is unreasonably delaying payment of the insurance

award, and also whether Plaintiff Miller Evans is the owner of the Policy.   Therefore, this Court

denies Plaintiffs' Motion for Partial Summary Judgment under Fed. R. Civ. P. 56(c).


### Conclusion

Plaintiffs' Motion for Partial Summary Judgment is DENIED.  All deadlines in the

scheduling order remain in effect.


DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of May.


_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE


Copies provided to:

Counsel of Record

-4-